NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————————

**ALIVECOR, INC.,**
*Appellant*

**v.**

**INTERNATIONAL TRADE COMMISSION,**
*Appellee*

**APPLE INC.,**
*Intervenor*

------------------------------------------------

**APPLE INC.,**
*Appellant*

**v.**

**INTERNATIONAL TRADE COMMISSION,**
*Appellee*

**ALIVECOR, INC.,**
*Intervenor*

———————————————

2023-1509, 2023-1553

———————————————

Appeals from the United States International Trade Commission in Investigation No. 337-TA-1266.

––––––––––––––––––

Decided:  March 7, 2025

––––––––––––––––––

SEAN S. PAK, Quinn Emanuel Urquhart & Sullivan, LLP, San Francisco, CA, argued for appellant.  Also represented by WILLIAM ADAMS, New York, NY.

MELANIE L. BOSTWICK, Orrick, Herrington & Sutcliffe LLP, Washington, DC, argued for cross-appellant.  Also represented by ABIGAIL COLELLA, ZACHARY HENNESSEE; ELIZABETH MOULTON, San Francisco, CA; E. JOSHUA ROSENKRANZ, New York, NY; MICHAEL ARI AMON, Fish & Richardson P.C., San Diego, CA; RUFFIN B. CORDELL, Washington, DC; BENJAMIN ELACQUA, Houston, TX; MARK S. DAVIES, White & Case LLP, Washington, DC.

PANYIN HUGHES, Office of the General Counsel, United States International Trade Commission, Washington, DC, argued for appellee.  Also represented by DOMINIC L. BIANCHI, CATHY CHEN, WAYNE W. HERRINGTON, SIDNEY A. ROSENZWEIG.

––––––––––––––––––

Before HUGHES, LINN, and STARK, *Circuit Judges*.

PER CURIAM.

AliveCor, Inc. ("AliveCor") owns U.S. Patent Nos. 9,572,499 (the "'499 patent"), 10,595,731 (the "'731 patent"), and 10,638,941 (the "'941 patent") (collectively, the "Asserted Patents"), which each relate to systems and methods for measuring and analyzing physiological data to detect cardiac arrhythmias.  On May 26, 2021, the International Trade Commission ("Commission") instituted an investigation in response to AliveCor's allegations that Apple Inc. ("Apple") violated 19 U.S.C. § 1337 by importing or selling Apple Watch products incorporating features that

infringe the Asserted Patents. An administrative law judge ("ALJ") issued an Initial Determination finding that Apple had violated Section 377 by infringing the '941 and '731 patents, but finding no violation as to the '499 patent. The Commission, reviewing the ALJ's decision, reached the same conclusion and issued a limited exclusion order restricting importation of Apple's watch products. AliveCor appealed the Commission's final decision, and Apple cross-appealed.

The validity of the Asserted Patents was also challenged in parallel *inter partes* review proceedings before the Patent Trial and Appeal Board ("Board"). The Board found all claims of each Asserted Patent invalid, and we have now affirmed those decisions. *See AliveCor, Inc. v. Apple Inc.*, Nos. 2023-1512, 2023-1513, 2023-1514 (Fed. Cir. March 7, 2025).

Now that we have affirmed the Board's finding of unpatentability for each Asserted Patent, the Commission's investigation is moot. *See XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282, 1294 (Fed. Cir. 2018) (holding our affirmance of Board's invalidity determination "has an immediate issue-preclusive effect on any pending or co-pending actions involving the patent").

Accordingly, we vacate the Commission's decision and remand with instructions to dismiss the case as moot.

### VACATED AND REMANDED

### COSTS

No costs.